UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIYING LIU**, *et al.*,<br><br>                      Plaintiffs,<br><br>            v.<br><br>**ALEJANDRO J. MAYORKAS**, *in his official capacity as Secretary of Homeland Security*, *et al.*,<br><br>                      Defendants. | Case No. 1:21-cv-01725 (TNM) |

## ORDER

Before the Court is ITServe Alliance, Inc., iTech U.S., Inc., NAM Info Inc., and Lucid Technologies, Inc.'s (collectively, Intervenors) Motion to Intervene. *See* Mot. to Intervene, ECF No. 31. Intervenors move to intervene in a suit in which several hundred Plaintiffs seek to set aside rules promulgated by the U.S. Citizenship Immigration and Citizenship Services; its parent organization, the Department of Homeland Security; and its Secretary (collectively, Defendants). *See* Second Am. Compl. at 46–47, ECF No. 11.[1] These rules alter how USCIS runs the annual H-1B visa lottery. *Id.* Intervenors seek to defend Defendants' rules. Mot. to Intervene at 2.

For the reasons to be given in a forthcoming Memorandum Opinion, the Court finds that Intervenors satisfy the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). Alternatively, Intervenors satisfy the requirements for permissive intervention under Rule 24(b). *See* Fed. R. Civ. P. 24(a) and (b). The Court therefore will grant the motion to intervene. The Court will, however, place the limits on Intervenors' participation requested by Plaintiffs. *See* Pls.' Opp'n to Proposed Intervenors' Mot. to Intervene at 12, ECF No. 36

---

[1] All page numbers refer to the pagination generated by the Court's CM/ECF system.

For these reasons, it is hereby

**ORDERED** that Intervenors' [31] Motion to Intervene is GRANTED; it is further

**ORDERED** that the Clerk of the Court shall docket ECF No. 31-2 as Intervenors' Answer; it is further

**ORDERED** that Intervenors shall file their cross-motion for summary judgment and opposition to Plaintiffs' [33] Motion for Summary Judgment on or before January 21, 2022 and shall adhere to the briefing schedule set by the Court in its December 29, 2021, Minute Order; it is further

**ORDERED** that on or before January 28, 2022, Plaintiffs provide to Intervenors any information it has given to the Government that is not already on the public docket. Plaintiffs may redact any sensitive information before providing it to Intervenors, and Intervenors may petition the Court for a lifting of the redactions if they choose. It is further

**ORDERED** that Intervenors shall not: (1) file any motions to stay the proceedings (unless Defendants were to file such motions); or (2) seek any modification to the current briefing schedule announced by the Court.

**SO ORDERED**.

Dated: January 20, 2022

TREVOR N. McFADDEN
United States District Judge