UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIYING LIU,** *et al.*,<br><br>              Plaintiffs,<br><br>      v.<br><br>**ALEJANDRO MAYORKAS,** *in his official capacity as United States Secretary of Homeland Security*, *et al.*,<br><br>              Defendants. | Case No. 1:21-cv-1725 (TNM) |

## MEMORANDUM OPINION

Before the Court is ITServe Alliance, Inc., iTech U.S., Inc., NAM Info Inc., and Lucid Technologies, Inc.'s (collectively, Intervenors) Motion to Intervene. *See* Mot. to Intervene, ECF No. 31. Intervenors move to intervene in a suit in which several hundred Plaintiffs seek to set aside rules promulgated by the U.S. Citizenship Immigration and Citizenship Services (USCIS); its parent agency, the Department of Homeland Security; and its Secretary (collectively, Defendants). *See* Second Am. Compl. (Compl.) at 46–47, ECF No. 11.[1] Intervenors aim to defend Defendants' rules, which altered how USCIS runs the annual H-1B visa lottery. Mot. to Intervene at 2; Compl. at 46–47. Both Plaintiffs and Defendants oppose Intervenors' motion. *See* Pls.' Mem. in Opp'n to Mot. to Intervene (Pls.' Opp'n), ECF No. 36; Defs.' Mem. in Opp'n to Mot. to Intervene (Defs.' Opp'n.), ECF No. 37. The Court granted Intervenors' motion in an earlier order. *See* Order Granting Motion to Intervene, ECF No. 39. Here, the Court explains its reasoning.

---

[1] All page numbers refer to the pagination generated by the Court's CM/ECF system.

Federal Rule of Civil Procedure 24 governs motions to intervene. The Rule establishes two paths to intervention. First, a party may intervene as a matter of right when it "claims an interest relating to the property or transaction that is the subject of the action" and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Courts generally require parties seeking to intervene to meet four requirements. "First, the application to intervene must be timely. Second, the movant must demonstrate a legally protected interest in the action. Third, the action must threaten to impair that interest. And fourth, the movant must show that no existing party to the action can be an adequate representative of the movants' interests." *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 9 (D.D.C. 2019) (cleaned up) (*Sault*).

The Court may also permit a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is an inherently discretionary enterprise" that affords the Court "wide latitude." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Like intervention as a matter of right, permissive intervention requires a timely motion. *Id.* It also requires an independent ground for subject matter jurisdiction. *Id.*

The Court finds that Intervenors may intervene as a matter of right. In the alternative, the Court exercises its discretion to allow intervention.[2]

---

[2] A Rule 24 intervenor must have standing. *Sault*, 331 F.R.D. at 9. Neither Plaintiffs nor Defendants question whether Intervenors have standing, and the Court finds Intervenors possess standing. If the Court were to set aside USCIS's new rules, the individual Intervenors would have to pay more in attorneys fees to file H-1B visa petitions (injury) because of the change in the rules (causation) and that injury can be avoided if the Court does not set aside the rules (redressability). *See Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 732–33 (D.C. Cir. 2003). ITServe Alliance, Inc., has associational standing because, as just demonstrated, its individual

I.

Start with intervention as of right.  Plaintiffs and Defendants concede that Intervenors have a legally protected interest in this action and that Plaintiffs' position threatens that interest. *See* Pls.' Opp'n (contesting only the timeliness of the intervention and the adequacy of representation); Defs.' Opp'n. (contesting only adequacy of representation).  The Court begins by evaluating whether Intervenors' motion is timely.

"Timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Amador Cty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014).  The most important factor is the probability of prejudice to the parties in the case, and "even where a would-be intervenor could have intervened sooner, in assessing timeliness a court must weigh whether any delay in seeking intervention unfairly disadvantaged the original parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014).

Plaintiffs highlight that Intervenors "seek to intervene some five months after the commencement of this action . . . after the existing parties . . . have fully briefed and argued a motion for preliminary injunctive relief, as well as a motion to dismiss."  Pls.' Opp'n at 2.  The existing parties "were in the midst of drafting their pleadings when Proposed Intervenors filed their motion."  *Id.*  And, Plaintiffs argue, intervention now would prejudice them because

---

members have standing to sue in their own right; the interests ITServe seeks to protect are germane to the organization's purpose, which is to reduce the burden of immigration on its members; and participation by the individual members is unnecessary. *See Washington All. of Tech Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 15–16 (D.D.C. 2019).

3

Intervenors "are clearly intent on delaying a decision in this case." *Id.* at 5.  Plaintiffs seek a decision before the FY2023 lottery this March, and they accuse Intervenors of waiting to intervene until now to disrupt the litigation in an attempt to delay a decision in the case until after this year's lottery has run.  *Id.*

Intervenors maintain that their intervention in the suit did not become necessary until the Court denied Defendants' motion to dismiss last month.  Intervenor-Defs.' Mem. of P. & A. in Supp. of Mot. to Intervene (Intervenors' Mem.) at 19, ECF No. 31-1.  Intervenors contacted Defendants within three days of the Court's decision to inform Defendants of their intent to file their motion.  *Id.*  About two weeks later, Intervenors learned the parties had agreed to an expedited briefing schedule.  *Id.*  Intervenors filed their motion ten days later, and only eleven days after Defendants' Answer.  *Id.*

The Court agrees with Plaintiffs that Intervenors could have moved to intervene earlier. Intervenors contend that Plaintiffs' suit only threatened their interests after the Court denied Defendants' motion to dismiss.  *See* Intervenors' Mem. at 19.  But their interests would have been impaired many months ago if the Court had granted Plaintiffs' preliminary injunction or temporary restraining order.  *See* Pls.' Mot. for Preliminary Injunction, ECF No. 15 (filed July 27, 2021); Pls.' Mot. for Temp. Restraining Order, ECF No. 16 (filed July 29, 2021).

Even so, prejudice to the current parties is the most important factor for the Court to consider, *see Roane*, 741 F.3d at 151, and Plaintiffs do not make a persuasive showing of prejudice.  First, the Court's Order granting Intervenors' motion required Intervenors to follow the briefing schedule established by the Court in its December 29, 2021, minute order.  *See* Order Granting Mot. to Intervene at 2, ECF No. 39.  True, this only gives Plaintiffs a week to file their opposition and reply, but Plaintiffs bear some responsibility as they requested an expedited

4

briefing schedule.  *See* Meet and Confer Stmt. at 3, ECF No. 30.  Second, Intervenors filed their proposed motion for summary judgment with their motion to intervene, giving Plaintiffs ample notice of the arguments Intervenors intended to make.  *See* Intervenor-Defendants' Mot. for Summ. J., ECF No. 31-3.  Third, in arguing that Defendants adequately represent Intervenors' interests, Plaintiffs contend that Intervenors' arguments "are no different than any argument that Defendants will make or have already made."  Pls.' Opp'n at 6.  So responding to Intervenors' arguments should not require much more effort.  Finally, Plaintiffs assert Intervenors seek to delay the litigation.  But the Court has ordered Intervenors to abide by the preestablished briefing schedule and instructed them not to file a motion to stay the proceedings.  *See* Order Granting Mot. to Intervene at 2.  Intervenors' participation will not delay the case.

Consider next the adequacy of representation.  "[T]he showing required to meet this burden is not onerous.  Generally, a movant should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee."  *Sault*, 331 F.R.D. at 13.  The Circuit has characterized this burden as "minimal."  *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003).

Intervenors argue Defendants will not adequately represent their interests for various reasons.  *See* Intervenors' Mem. at 23–26; Intervenors' Reply at 6–12, ECF No. 38.  The Court need highlight only two here.  First, Intervenors have a financial interest in the litigation because USCIS's new rules save them considerable money in preparing visa petitions.  *See* Intervenors' Mem. at 12–13, 24.  Plaintiffs argue Defendants already defend this interest because the new rules save them money, too.  *See* Pls.' Opp'n at 8; *see also* Defs.' Opp'n at 3–4.  But the Intervenors' interest in reducing the fees it spends on preparing visa petitions is different from the Government's interest in reducing the costs associated with processing visa petitions.  There

is no reason to believe the Government would make arguments intended to protect Intervenors' particular financial interests. *Cf. Sault,* 331 F.R.D. at 13 ("The Intervenor Tribes and the Casinos have a narrow financial interest that the Government does not share. The Government need not, and indeed cannot reasonably be expected to, represent these interests.").

Second, Intervenors argue they are the only ones who represent the interests of employers. *See* Intervenor's Mem. at 25. Neither Plaintiffs nor Defendants directly address this claim. Instead, Plaintiffs argue that the Intervenors and Defendants "have a shared common goal: upholding the Registration Rule." Pls.' Opp'n at 10. But shared interests are not enough to show adequacy of representation. *See Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015). And in general, the Circuit "look[s] skeptically on government entities serving as adequate advocates for private parties." *Id.*

Intervenors have a right to intervene.

## II.

Even if Intervenors had no right to intervene, the Court finds that they are entitled to permissive intervention. As described above, Intervenors have established standing and shown their motion was timely filed. Additionally, because the Court has federal question jurisdiction over this case, it has independent jurisdiction over the movants' answers and future motions. *See* 28 U.S.C. § 1331. Permissive intervention imposes only two other requirements. First, the Court must find that the movants have a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Second, it must conclude that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Intervenors meet both requirements. They have a claim that shares common questions of fact and law because they seek to defend USCIS's new rules. And as the Court has already explained, intervention will not delay the case. Plaintiffs argue they may still be prejudiced because in his prior employment one of Intervenors' attorneys "viewed Plaintiffs' pleadings and discussed strategy and legal arguments related to Plaintiffs' motions for injunctive relief." Pls.' Opp'n at 11. But Plaintiffs' motions for injunctive relief are no longer at issue, and Plaintiffs identify no specific way they will be prejudiced. More, the Court granted all the limitations on Intervenors' participation requested by Plaintiffs. *See* Pls.' Opp'n at 12; Order Granting Mot. to Intervene at 2. The Court therefore finds Plaintiffs will not be prejudiced by Intervenors' participation.

### III.

For all these reasons, the Court grants the Motion to Intervene. *See* Order Granting Mot. to Intervene.

Dated: January 24, 2022

TREVOR N. McFADDEN
United States District Judge