UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANGE SAMMA**, *et al.*,

          **Plaintiffs**,

    v.

**UNITED STATES DEPARTMENT OF DEFENSE**, *et al.*,

          **Defendants.**

Civil Action No. 20-cv-1104 (ESH)

## ORDER AND JUDGMENT

At issue in this case under the Administrative Procedure Act ("APA") is the lawfulness of a Department of Defense ("DOD") policy, set forth in a memorandum issued on October 13, 2017, on the subject of "Certification of Honorable Service for Members of the Selected Reserve of the Ready Reserve and Members of Active Components of the Military or Naval Forces for the Purposes of Naturalization" ("N-426 Policy"), specifically the requirements in Sections I.3.a and I.3.b that provide:

    (1)    A service member in an Active Component can only obtain a certified USCIS Form N-426 if that service member has:

- Successfully completed the basic training requirements of the armed forces of which he/she is a member; AND

- Completed at least 180 consecutive days of active duty service, inclusive of the successful completion of basic training . . . .

and

    (2)    A service member in the Selected Reserve of the Ready Reserve can only obtain a certified USCIS Form N-426 if that service member has:

- Successfully completed the basic training requirements of the armed forces of which he/she is a member; AND

- Completed at least one year of satisfactory service toward non-regular retirement in accordance with [DODI] 1215.07, "Service Credit for Non-Regular Retirement," as a member of the Selected Reserve, inclusive of the member's successful completion of basic training . . . .

(*See* Administrative Record 6-9 ("Minimum Service Requirements").)

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment, ECF No. 4, is **GRANTED**; it is further

**ORDERED** that defendants' cross-motion for summary judgment, ECF No. 19, is **DENIED**; it is further

**ORDERED** that the Minimum Service Requirements in the N-426 Policy are **VACATED**; it is further

**ORDERED** that defendants are enjoined from withholding certified Form N-426s from any class member[1] based on a failure to complete the Minimum Service Requirements; and it is further

**ORDERED** that defendants shall endeavor to certify or deny a submitted Form N-426

---

[1] The Court has certified a class that consists of all individuals who:

(a) are noncitizens serving in the U.S. military;

(b) are subject to Section I of the October 13, 2017 N-426 Policy (AR 6) ("N-426 Policy"), as updated by DOD's April 24, 2020 Memorandum (AR 1);

(c) have not received a certified N-426; and

(d) are not Selected Reserve MAVNIs in the class certified in *Kirwa v. U.S. Dep't of Defense*, No. 17-cv-1793 (D.D.C. Dec. 1, 2017).

*Samma v. U.S. Dep't of Def.*, No. 20-cv-1104, 2020 WL 4501000, at *10 (D.D.C. Aug. 4, 2020).

expeditiously, but in no case shall it take longer than the 30 days allowed under DOD's April 24, 2020 update to the N-426 Policy.

This is a final, appealable Order.



ELLEN S. HUVELLE
United States District Judge

Date:   August 25, 2020